[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
Motion to dismiss is denied. General Statutes 52-557 (n), effective October 1, 1986, grants to the injured party a direct cause of action against the municipality. General Statutes 7-308, effective 1955, in essence grants to the injured party the same effective remedy, although in a much more cumbersome fashion.
Both statutes effectively limit the defense of governmental immunity as pertains to the municipality. The causes of action are different at law. General Statutes 7-308 causes the municipality to be liable as an indemnitor of the employee. General Statutes 52-557 (n) provides for a direct cause of action against the municipality as the principal of the negligent agent, akin to the common law doctrine of respondent superior.
The causes of action are independent, and are not mutually exclusive. If the legislature had intended 52-557n to be dependent upon the procedures of General Statutes 7-308, then General Statute 52-557n would have referred to General Statutes7-308, by reference to specific provisions of that statute, or by retaining General Statutes 7-308 as an exclusive remedy, as is done in the body of the statute, 52-557n, in dealing with defective roads and bridges by its making specific reference to General Statutes 13a-149.
This the legislature chose not to do. The existence of, and the assertion of a companion claim under General Statutes 7-308
does not affect the viability of the cause of action asserted under General Statutes 52-557n.
The motion to dismiss is denied.
/s/ L. Paul Sullivan L. PAUL SULLIVAN, J.